## MANCHESTER v. ERICSSON.

It is error to withdraw from the jury the determination of a disputed fact in issue. *So held*, where, in a suit against a city for damages sustained by a party who fell at night from a causeway erected within the city limits by an incorporated bridge company, but which was not provided with a proper guard or protection, although it extended from the company's bridge to the level of a street, the question of fact as to whether the city had treated the causeway as a street, and assumed such a control of the *locus in quo* as to incur a liability for its condition, was withdrawn from the jury, and the court instructed them that if the injury was caused by the absence of such a guard or protection the city was liable.

ERROR to the Circuit Court of the United States for the Eastern District of Virginia.

The facts are stated in the opinion of the court.

*Mr. Christopher C. McRae* and *Mr. William A. Maury* for the plaintiff in error.

*Mr. Charles V. Meredith* and *Mr. George K. Macon* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

Ericsson recovered a judgment against the city of Manchester, Virginia, for injuries received by a fall from a public way, of which the city had been negligent, in regard to protecting the sides of a high embankment. The laws of the State authorize a recovery in such a case.

The chief controversy on the trial was whether the city or a bridge company was responsible for the condition of the street in such a manner as to incur liability for negligence in the care of it. That part of it where the accident occurred constituted also the approach to a bridge across the James River, between Manchester and Richmond, and both the bridge and this approach to it had been built, at least nominally, by an incorporated company called the James River Bridge Company, and the contention of the defendant below was that this corporation, and not the city, was the responsible party.

That point was much pressed in argument before us, and it seemed to be assumed that if the company was liable, the city

was not.   We do not think that this necessarily follows, for
the company may be liable for negligence in regard to the *locus
in quo* as an approach to and part of their bridge, while the
city may also be liable for like negligence regarding it as a
street for the care of which it is responsible.   The question in
this case is whether the *city* is liable.

This depends, in our opinion, not so much on the question
whether the place where the injury occurred was, by law, placed
under the exclusive control of the city, as whether the city
authorities had so far assumed the care of it as one of the
streets of the town as to incur an obligation to be diligent and
watchful in the performance of that duty.

The judge, in his charge to the jury, attached much impor-
tance to the fact that the bridge was built by money advanced
by Richmond and Manchester, and assumed that the company
was a mere matter of form, and though chartered by the legis-
lature, was only an agency of the two municipal corporations
to connect them by a bridge spanning the river which runs
between them.

We are not satisfied of the soundness of this view, though it
appears that the two cities owned all the stock and advanced
the money.   It still remains that the company was the legal
entity which owned the bridge; that if it had borrowed money,
or created debts, the cities would not have been liable for them
without an express agreement to that effect.   And if the neg-
ligence by which plaintiff suffered was solely the negligence of
the bridge company and its officers, the city of Manchester
would not have been liable because of the stock held by it in
the company or the money advanced to it.

But testimony was submitted to the jury tending to show
that after the bridge and this approach to it had been built,
or commenced, the limits of the city of Manchester had been
extended so as to include this part of the bridge or approach,
and that the city did work on it as a street, or extension of the
street into which it ran, and in many ways assumed such con-
trol of it as it did of other streets.

This testimony is in the record, and was proper evidence to
sustain the proposition that the city authorities had so acted
in regard to this part of the highways of the city as to make it

responsible for a more careful attention to the dangerous condition of it than was given by them.

The counsel of defendant prayed several instructions in regard to the sufficiency of this evidence, which was refused by the court, and instead of those asked it gave the following : —

" There are three questions for the jury, namely : —

" 1st, Whether a proper guard or protection had been provided at the point where the accident to the plaintiff occurred ; if there was not —

" 2d, Whether the accident was in consequence of the absence of such proper guard or protection ; and,

" 3d, If so, whether damage ensued to the plaintiff, and what amount of money shall be allowed as the measure of damage to him.

" If the jury believe from the evidence that a proper guard or protection to the highway was not provided, that the accident occurred in consequence, and that damage ensued to the plaintiff from the accident, then the court instructs the jury that the city of Manchester is liable for the damage, unless it proves that the plaintiff sustained his injury through his own negligence or want of care."

It will be seen that the court here takes from the jury entirely the question whether the city was responsible for the want of the guard or protection which was absent, and instructs them peremptorily that if such protection was wanting, and the accident was caused by its absence, the city was liable.

We think it was for the jury to decide whether the city had made itself responsible.

The evidence on this subject had been properly submitted to the jury. Whether the city had assumed such control of the *locus in quo* as to make it responsible was an inference of fact to be drawn from all the testimony by the jury, and not a question of law for the court.

This evidence consisted of various things done by order of the authorities of the city of Manchester, such as paying the money on condemnation of the land for the use of the bridge, regulating the grade of the approach to the bridge and of the neighboring streets, continuing the pavement of the street into and upon this approach, depositing cinders on it, building

a fence on the side of it, and otherwise expending money on it.

In our opinion, though strongly persuasive of the proposition that the city had assumed charge of the place, the evidence was not necessarily conclusive. The inference was one of fact and not of law, and was to be made, if at all, by the jury, under such proper instructions on the matter as the court should give, and not by the court alone. It was a mixed question of law and fact, proper for the jury, aided by the court.

For this error the judgment of the Circuit Court will be reversed, and the case remanded with instructions to set aside the verdict and grant a new trial; and it is

*So ordered.*