## CHAVES *v.* CHAVES.

Filed January 13, 1885.

SET-OFF—SPECIAL PLEA—STATUTE OF LIMITATIONS—SUBSEQUENT PROMISE.

    Where an action is brought upon a promissory note, and the defendant, besides pleading the general issue, files a special plea of set-off, to which the plaintiff replies that the matters of set-off were barred by the statute of limitations, and the defendant, on the trial, introduced evidence of subsequent promises, which, he claimed, took them out of the statute, an instruction by the court to the jury that defendant had failed to sustain his plea of set-off, and that they must find a verdict for the plaintiff, was *error,* for which the defendant was entitled to a new trial.

Appeal from the Second judicial district court, Bernalillo county.

*Fisk & Warren, S. M. Barnes,* and *J. F. Chaves,* for appellant.

*W. B. Childers,* for appellee.

·AXTELL, C. J. Plaintiff brought suit on a promissory note. Defendant pleaded *non-assumpsit* and set-off. Plaintiff joined issue as to the plea of *non-assumpsit,* and filed replications to the matters of set-off that said supposed counts of set-off did not accrue within either six or ten years. Defendant introduced proof of subsequent promises, which he claimed took it out of the statute, after the evidence had all gone to the jury. The court, upon the request of the plaintiff, instructed the jury that defendant had failed to sustain his plea of set-off, and directed a verdict for plaintiff. Defendant appealed. We will consider only the second assignment of error, which is that the court erred in instructing the jury to find for the plaintiff. The right of trial by jury, in actions of common law, where the amount in controversy exceeds $20, has been secured to the citizen by the constitution of the United States. The province of the jury, however, is simply to find the facts. It is for the court to determine the legal effect of the facts when found. When it is desirable to take the opinion of the court as to whether the facts proved constitute a legal cause of action, the earlier practice was to demur to the evidence. In this practice, the party demurring admits the truth of all the facts which his opponent claims to have been proved, and everything which the jury could reasonably infer from the evidence is to be considered as admitted, and the judgment of the. court is then taken as to whether these facts constitute a cause of action.

In *Pleasants* v. *Fant,* 22 Wall. 121, Mr. Justice MILLER says:

"In the case of *Parks* v. *Ross* [11 How. 362] this court held that the practice of granting an instruction to find a verdict had superseded the ancient practice of demurrer to evidence, and should be tested by the same rules. It will not be contended that the modern practice at all enlarges the powers of the court, or in any way abridges the right of trial by jury. It is and must always be true that the jury finds the facts and the court decides the law."

In the case of *Pleasants* v. *Fant* the contention was as to what facts would establish a partnership. Here was a legal conclusion which the court was properly called upon to decide. In a case de-

cided in our own supreme court recently, the question was whether the facts proved constituted such negligence as would render a party liable; and the supreme court sustained the judge at *nisi prius*, who took the case from the jury, and decided that the facts proved did not constitute culpable negligence. While it is important to confine the jury to their proper sphere, it is equally important that the court should not trench upon that sphere; and it will be found, on careful examination of the reported cases, that judges have only taken upon themselves to decide upon the legal effect of evidence, not upon the credibility of witnesses. In *Parks* v. *Ross* the question was whether an agent, who contracts in the name of his principal, is liable to a suit on such contract, and the court instructed the jury to find for the defendant, even though they believed the plaintiff's evidence to be true; that is, the court drew a legal conclusion from the facts found by the jury, or that might properly be found by them in this case. Mr. Justice GREER says: "A demurrer to evidence admits, not only the facts stated therein, but also every conclusion which a jury might fairly or reasonably infer therefrom." Mr. Justice THOMPSON, in *U. S. Bank* v. *Smith*, 11 Wheat. 179, says: "Everything which a jury could reasonably infer from the evidence demurred to is to be considered as admitted. The court is in no case to determine upon the credibility of witnesses. The evidence must be permitted to go to the jury without comment upon its weight, and as if it was entirely true." In the light of these general principles, can it be said that there was not evidence in this case which might have justified the jury in finding that the defendant's set-off, or some portion of it, was true? Might not different minds honestly have drawn different conclusions from the testimony? If the statute of James I. was in force, was there not evidence which, if admitted to be true, proved a subsequent promise, and thus took the case out of the statute? The following *memoranda* from the record of testimony is very pointed:

"*Question*. How long has it been since he wanted to pay it to you, if you know? *Answer*. He wanted to pay it to me in goods all the time. He always wanted to pay it to me, and promised to pay it. When he sued me for the note I claimed from him what he owed me. I showed him his account. All he said was that he was ready to pay me. *Q*. What did he say about that item of $1,200? *A*. That he would pay it to me. *Q*. When was that? *A*. I don't remember the date. I have been there very often since suit was commenced, (April 24, 1882,) so as to do away with the suit. *Q*. In the conversation, what did he say in reference to your account, as to whether he owed you or not? *A*. He said that he owed it to me. He never denied it, but always told me that he owed it to me."

There is much more evidence to the same point by the same witness, the defendant, and however incredible it may have seemed to the court, to sustain this instruction it must be taken to be strictly and literally true. In *Manchester* v. *Ericksson*, 105 U. S. 349, Mr. Justice MILLER says: "It is error to withdraw from the jury the determination of a disputed fact in issue. Where there is a substantial con-

flict of testimony, it is for the jury, and not the court, to decide." In this case the conflict of testimony is very substantial indeed, and the facts can only be ascertained by a jury. The judgment in favor of the plaintiff must be set aside, and a new trial had; and it is so ordered.

WILSON, J., concurs.