CRUIKSHANK *v.* FOURTH NAT. BANK.

(*Circuit Court, S. D. New York.* February 13, 1886.)

NEW TRIAL—VERDICT NOT SUSTAINED BY EVIDENCE—PROVINCE OF COURT.
    The weight of the evidence is for the jury, if there is any to support plaintiff's case; but whether there is any or not is for the court.

At Law.
*W. Hildreth Field,* for plaintiff.
*David Willcox,* for defendant.

WHEELER, J. The plaintiff was in the employ of a mercantile house in New York, at $6,000 a year. The defendant had $48,-531.07 of commercial paper of western firms, some months overdue and unpaid, in the discharge of which one Thacker was interested. The plaintiff's employers had $13,544.90 of like paper, and two other banks of the city enough more to make $90,376.05 in all. The plaintiff was informed by Thacker that he wished to get this paper taken up through a mercantile house, and not through attorneys, and a proposition to pay $17,000 in cash, and to give $3,000 in secured notes and unsecured notes for the balance, was left with him. This proposition was taken by the plaintiff to all the others, who agreed to accept it, and then to the officers of the defendant, who refused. They mentioned terms to the plaintiff which they would advise acceptance of, if made. The plaintiff communicated these terms to Thacker, who came, and, in company with plaintiff, had an interview with the defendant's officers on the subject. Afterwards he sent a proposition of 25 per cent. in cash, and the balance in unsecured notes, and the plaintiff took this to defendant's officers. They told him to get another firm, who held $11,000 of similar paper, to pool their claim, and the proposition would be accepted. He got that firm to do so by paying them $250, and the proposition was accepted. The amount of the 25 per cent. of the whole was sent by Thacker to the defendant, and placed to his credit. The $250 paid out by defendant was deducted; the proportion of each was computed; Thacker's checks, payable to the order of the plaintiff, were drawn for the respective shares, except that of defendant, and indorsed by

the plaintiff to each, leaving defendant's share in its hands; and the $250 was sent to the plaintiff. The plaintiff claimed a commission for his services, which the defendant refused to pay, and this suit was brought. The plaintiff's testimony tended to show that he expected pay of defendant while he was doing what he did do, although he said nothing whatever to the defendant's officers about it. The defendant's testimony tended to show that they did not expect to pay him anything, nor that any pay would be claimed. The jury were instructed, in substance, that if the plaintiff performed any services at the request of the defendant in procuring this settlement, he would be entitled to recover reasonable compensation for such services; and that if he performed services without request, under such circumstances that the officers of the defendant would be given fairly to understand that the services were to be paid for, he would be entitled to recover fair compensation for such services.

The defendant, on this motion for a new trial, does not claim that these instructions were not correct as propositions of law, but does insist that there was no sufficient evidence to bear out a finding that there were any valuable services performed by the plaintiff for the defendant, or that there was anything to give the defendant to understand that the plaintiff was to be paid by the defendant. On carefully reviewing the testimony, it seems to fairly amount to no more than that the plaintiff took the propositions of Thacker to the defendant, to get them accepted if he could. It does not show that he was operating in the interest of the defendant to procure the most that he could from Thacker; but rather that his business with Thacker was to shape the propositions to the lowest terms which the defendant would accept. A letter which the president of the defendant gave to the plaintiff to show that the last proposition was accepted, and which the plaintiff took and acted upon, sets forth somewhat the position of the plaintiff, and how it was understood. It reads:

"*D. Cruikshank, Esq., New York*—DEAR SIR: You are hereby notified that I will accept the offer of settlement for certain notes issued by J. Stevens, Jr., as arranged with you, on the basis of the letters of Mr. Newton Thacker of February 20th and March 14th.

"Yours, very truly,        O. D. BALDWIN, Pres."

The plain import of this is that the plaintiff had been acting on one side and Baldwin on the other, and not both on the side of the bank and Thacker on the other, in effecting this arrangement. As the case stood upon this trial, there was nothing fairly tending to show that the plaintiff performed any services for the defendant, either on request or any implied understanding that they were to be paid for, or under circumstances which would give the officers of the defendant to understand that they were being performed for pay. The weight of the evidence was for the jury, if there was any to support the plaintiff's case; but whether there was any or not is for the

court. The verdict does not appear to rest on any substantial evidence.

Motion for new trial granted.