## STEWART *v.* SIXTH AVE. R. Co.

*(Circuit Court, S. D. New York. January 10, 1891.)*

NEW TRIAL—VERDICT—WEIGHT OF EVIDENCE—NEGLIGENCE.
    Under Const. U. S. Amend. art. 7, and Rev. St. § 649, which provide that no fact tried by a jury shall be re-examined otherwise than according to the rules of the common law, a verdict for defendant, in an action against a street railway company for personal injuries, will not be set aside where the evidence as to defendant's negligence is conflicting.

At Law.
*Edwin B. Smith*, for plaintiff.
*David M. Porter*, for defendant.

WHEELER, J. The plaintiff was riding as a passenger on the front platform of one of the defendant's cars, to smoke. He fell off. One of his hands was caught under one of the forward wheels, and injured so that it had to be cut off. He testified that the car was going fast and rocking up and down; that, in passing to change sides, he touched the driver, whereupon the driver hit him violently with the driver's shoulder, and sent him against the end of the car, and, with the motion of the car, against the dash-board, so that he fell over. The driver testified that the plaintiff fell off, and that the plaintiff did not hit him, nor he the plaintiff, in any manner. This action is brought for that injury. It has been twice tried before, with disagreements of the jury. On this trial it was submitted to the jury on the question whether the driver hit

the plaintiff violently or not, in a charge to which the plaintiff did not except. The jury found for the defendant, and the plaintiff moved for a new trial because the verdict was against the evidence and induced by passion or prejudice. This motion has now been heard.

The constitution and laws expressly require that in this court trials shall be by jury, unless waived; and provide that no fact tried by jury shall be otherwise re-examined than according to the rules of the common law. Amendments, art. 7, Rev. St. § 649. The verdict may, according to the rules of the common law, be examined to see if it is contrary to the evidence, without evidence, or the result of passion or prejudice. Here is no evidence of the latter unless it arises from comparison of the verdict with that on which it was found, and this affords none if the verdict was well founded. That here was evidence each way on the question submitted is shown by the bare statement of the case, and that it was somewhat evenly balanced is shown by the result of the two former trials. Under such circumstances the case could not be withdrawn from the jury, and a verdict directed for the plaintiff or for the defendant; neither requested or suggested that. *Hickman* v. *Jones*, 9 Wall. 197; *Manchester* v. *Ericsson*, 105 U. S. 347. A verdict could be directed if one the other way would be set aside as contrary to the evidence. *Schofield* v. *Railway Co.*, 114 U. S. 615, 5 Sup. Ct. Rep. 1125; *Robertson* v. *Edelhoff*, 132 U. S. 614, 10 Sup. Ct. Rep. 186; *Gunther* v. *Insurance Co.*, 134 U. S. 110, 10 Sup. Ct. Rep. 448. If the case must be submitted upon the evidence, the verdict cannot be set aside as being contrary to the evidence without re-examination of the fact tried by the jury, which is so expressly prohibited. The fact cannot be re-examined in search for passion or prejudice more than for any other purpose. If the court differed from the jury in opinion about the fact, as to which nothing is intimated, that of itself would afford no ground for setting aside the verdict. It would interfere with the exclusive province of the jury secured by the constitution. While the plaintiff was riding on the platform without necessity, voluntarily, he was taking the risk of all ordinary dangers of that situation. Violence of the driver was the only ground for recovery which the evidence tended to show, and the existence of that was the only issue which arose. The plaintiff had the benefit of having every consideration in his favor on that issue laid before the jury, and, as it has thereupon been found against him, no reason is apparent why he must not abide by the result. Motion denied, stay vacated, and judgment on verdict.