SPIRO v. FELTON.

(Circuit Court, E. D. Tennessee. March 20, 1896.)

No. 995.

1. EVIDENCE—INJURY CAUSING DEATH—TENNESSEE STATUTE.

In an action for damages for an injury causing death, brought, under the Tennessee statutes (Mill. & V. Code, §§ 3130, 3134), for the benefit of the widow or next of kin of the deceased, evidence of the number and ages of the children of the deceased is competent.

2. PRACTICE—SETTING ASIDE VERDICT—WEIGHT OF EVIDENCE.

The federal courts have no power to set aside a verdict because against the weight of evidence, however decided that weight may be, if any evidence has been given which would have rendered it improper for the court to direct a verdict.

Ingersoll & Peyton, for plaintiff.
Chambers & Head, for defendant.

CLARK, District Judge. It is urged as ground for a new trial in this case that the court allowed plaintiff to prove the number of and ages of the children. It is certainly true that, as a general proposition of law, such evidence would not be relevant. As the right of action given in cases like this for death of a person is, under the statute (Mill. & V. Code, § 3130), "for the benefit of his widow or

next of kin, free from the claims of creditors," and as by the act of 1883, c. 186 (Code, § 3134), damages are also given to the parties for whose use and benefit the right of action survives, from death consequent upon an injury, it seemed to me that this evidence was competent, under the authority of Railroad Co. v. Mackey, 157 U. S. 93, 15 Sup. Ct. 491. I had occasion, in another suit, to pass upon this objection.

Another objection is that there was error in the admission of the testimony of Babcock as to the condition of the track at the place where the accident happened, at the time of Babcock's examination of the place. I think this was competent, with the explanation of the court, under which it went to the jury; that is, that it was admitted merely as a circumstance tending to show the condition of the track at the time of the accident, and that it was the condition at such time that affected any question in the case. I think it is clear that, in view of the question to which the jury was restricted in the court's instruction, this proof could have cut no possible figure in the case. There was no material point in the case whatever respecting the condition of the track.

It is, again, said there was error in the admission of testimony to the effect that a chain was used on the cars of other companies across the opening of the rear guard rail of the caboose to a freight train. As the declaration alleged the absence of this chain as negligence, I think the proof was competent, as tending to show that such chains were used by other roads. The competency of this proof, and its weight, were different questions. As the court distinctly said to the jury, in the charge, that the absence of this chain could be no ground of recovery against the defendant company, it is impossible to think that this testimony had any effect on the case, even if its admissibility should be considered doubtful.

It is said, too, that the court should have directed a verdict for the defendant, as proof for both the plaintiff and defendant showed such contributory negligence on the part of the deceased as prevented any recovery. If the court should have given peremptory instruction for the defendant, it is no answer to this objection to say that no motion for such instruction was made; for in Society v. Llewellyn, 7 C. C. A. 579, 58 Fed. 940, no such motion had been made in the court below, nor was any such motion the basis of any assignment of error. Nevertheless, the circuit court of appeals for this circuit (Judge Taft giving the opinion) said that it was the duty of the court to have given such instruction, and the judgment was reversed upon this as well as one other ground. But I do not think, on the proof in this case, the court could properly have withdrawn the case from the jury by positive direction; and this brings us to the last objection taken, which is that the verdict is against the weight of evidence.

This is a question that has given this court great trouble, not only in this but other cases; and I shall be very glad indeed when the circuit court of appeals for this circuit shall have occasion to pass judgment upon this question, so that this court may have an authoritative general rule, at least, in the determination of this ques-

tion. I wish to say, in the outset, that I think the decided weight of the evidence, both as to quantity and quality, shows that the deceased came to his death as the result of his own negligence, in not getting up and going out of the train when it stopped at his point of destination, and that he had ample time to have done so, if he had used reasonable care and diligence on his own part. I think the proof shows, by the same decided weight, that the accident to him is due to the fact that he remained in the caboose, engaged in conversation, until, after ample time to have left the car, the train was started in a backward motion in its regular operations, and that the deceased was thrown therefrom by reason of being on the rear platform while the train was in such motion, and most likely when it stopped moving backward and let out the slack, or when it started south a second time. But, although entertaining this view of the evidence, I do not feel that I can lawfully set aside the verdict on that ground alone. I desire not to be misunderstood about this proposition. The question here is one of the weight of the evidence. It is not a question of there being no evidence to support the verdict, misconduct on the part of the jury, error in the charge of the court, or in the admission or rejection of evidence, or of the many other grounds on which a new trial may be granted; but the question is, when no other valid ground of rejection to the verdict exists, can the court set aside the verdict alone upon the ground that it is against the weight of the evidence, however decided the preponderance may be? It is to be remembered that the practice in the courts of the United States is different from that of the state court. In this court, when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict returned in opposition to it, the court may withdraw the case from the jury and direct a verdict. The terms in which this rule is stated differ somewhat in different cases, although the underlying principle remains the same. Examples of this difference in the form of statement of this rule may be seen by comparing Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, reaffirmed in Railroad Co. v. Griffith, 159 U. S. 611, 16 Sup. Ct. 105, with Elliott v. Railway Co., 150 U. S. 245, 14 Sup. Ct. 85, and Southern Pac. Co. v. Pool, 160 U. S. 438, 16 Sup. Ct. 338. If, then, the evidence is such that a verdict returned in opposition to it would be set aside by the court, it is the duty of the court, in the first instance, to direct the verdict. It seems to follow logically and necessarily that if the evidence is not so conclusive that the court can thus withdraw the case from the jury, and is compelled to submit the case to the jury, that the court is then not at liberty to set the verdict aside as against the weight of the evidence. It seems to me that the right to do so is inconsistent with the right and duty to give a positive direction for the same reason before the verdict. It occurs to me that in any case it would be idle to say that the court must submit the case to the jury because it may not lawfully direct a verdict, and that, having submitted the case to the jury, it then can effect the same result, practically, as by direction, in setting it aside as opposed to the evidence. In Pleasants v. Fant, 22 Wall. 116, the court said:

"In the discharge of this duty, it is the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor. Not whether, on all the evidence, the preponderating weight is in his favor (that is the business of the jury), but, conceding to all the evidence offered the greatest probative force which, according to the law of evidence, it is fairly entitled to, is it sufficient to justify a verdict? If it does not, then it is the duty of the court, after a verdict, to set it aside and grant a new trial. Must the court go through the idle ceremony in such a case, of submitting to the jury the testimony on which plaintiff relies, when it is clear to the judicial mind that, if the jury should find a verdict in favor of plaintiff, that verdict would be set aside and a new trial had? Such a proposition is absurd, and accordingly we hold the true principle to be that if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should so say to the jury. In such case the party can submit to a nonsuit, and try his case again, if he can strengthen it, except where the local law forbids a nonsuit at that stage of the trial, or, if he has done his best, he must abide the judgment of the court, subject to a right of review, whether he has made such a case as ought to be submitted to the jury,—such a case as a jury might justifiably find for him a verdict."

The rule is substantially stated in Cruikshank v. Bank, 26 Fed. 584, and in Stewart v. Railroad Co., 45 Fed. 21. Judge Wheeler, discussing this point on motion for a new trial, said:

"The constitution and laws expressly require that, in this court, trials shall be by jury, unless waived, and provide that no fact tried by jury shall be otherwise re-examined than according to the rules of the common law. Amendments art. 7; Rev. St. § 649. The verdict may, according to the rules of the common law, be examined to see if it is contrary to the evidence, without evidence, or the result of passion or prejudice. * * * If the case must be submitted upon the evidence, the verdict cannot be set aside as contrary to the evidence without re-examination of the fact tried by the jury, which is expressly prohibited. The fact cannot be re-examined in search for passion or prejudice, more than for any other purpose. If the court differed from the jury in opinion about the fact, as to which nothing is intimated, that, of itself, would afford no ground for setting aside the verdict. It would interfere with the exclusive province of the jury secured by the constitution."

What has been said with reference to the cases just cited sufficiently indicates my view of the want of power in this court to set aside a verdict because against the weight of evidence, however decided that weight may be. This is the second trial in this case. On the first trial I would have withdrawn the case from the jury on the ground of contributory negligence on the part of the deceased, except for the testimony of the witness Risden. On the second trial both sides of the case had been strengthened,—that of plaintiff slightly, and that of defendant decidedly. Nevertheless, I felt that in view of the testimony of the same witness Risden, with some slight corroboration, I could not rightly direct a verdict, notwithstanding the great weight of the evidence introduced by defendant. And, unless I should give such direction, it is not likely that the result of this case will ever be different from what it is; and it is certain that the verdict is a very moderate one, if the plaintiff is entitled to recover at all.

I have been thus particular to state the view I take of my right and duty upon this motion, and of the rule under which I am acting; for, while my action in granting or refusing the new trial is not the

subject of review, if I refuse to exercise the discretion to grant a new trial under an erroneous view of the law and of my duty in the matter, this, I think, is an error which is the subject of review. Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50. It is only when the court, in the exercise of its discretion to grant or refuse a new trial, does so upon all competent evidence, and under a correct view of the law, that its judgment is not the subject of review; and when, instead of leaving it to be presumed that the court below acted under a correct conception of the law, that court distinctly states on record the view of the law by which the court was controlled, no reason is perceived why this is not subject to review on writ of error. For reasons indicated, the motion for a new trial is denied.