BURLINGTON & MISSOURI RAILROAD COMPANY IN NE-
BRASKA, PLAINTIFF IN ERROR, V. MARTHA CROCK-
ETT, ADMINISTRATRIX, DEFENDANT IN ERROR.

1.  **Civil Damages:** PLEADING. In an action by the personal
    representatives of a deceased person to recover damages for his
    death, it must be alleged in the petition that the deceased left a
    widow or next of kin, or both, according to the fact.

2.  **Pleadings:** AMENDMENT. An objection made for the first
    time on the trial of a case that the petition does not state
    facts sufficient to constitute a cause of action is not to be encour-
    aged, and if the defect complained of can be cured by amend-
    ment, the court should permit an amendment to be made in-
    stanter and let the trial proceed. The want of a material aver-
    ment, however, where objection is made, is not cured by the
    verdict.

3.  ———: REVOCATION OF AUTHORITY TO SUE. Where an admin-
    istratrix had authority when the action was commenced to bring
    an action to recover damages for the death of the intestate, a
    subsequent revocation of the authority must be specially pleaded,
    and is not put in issue by a denial of her authority "to sue or
    recover in and maintain this action."

4.  **Administration:** NEW ADMINISTRATOR: REVIVOR OF AC-
    TION. Where, from any cause, the powers of an administrator
    cease, an action commenced by him will not therefore lapse;
    but upon the appointment of a new administrator the prosecu-
    tion of the action will proceed.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*A. J. Sawyer,* for defendant in error.

MAXWELL, J.

In September, 1883, the defendant in error brought an
action against the plaintiff in error to recover damages sus-
tained by the death of one Clayborn Crockett. The peti-

tion, when filed, contained two counts, but on the motion of the defendant below the plaintiff was required to elect upon which count she would rely, and thereupon she selected the second. The second count alleges that on the 7th of March, 1882, the plaintiff below " was duly appointed administratrix of the estate of Clayborn Crockett, deceased, by the probate court within and for the county of Atchison and state of Kansas, and that in pursuance of said appointment she did thereafter, on said 7th day of March, A.D. 1882, qualify as said administratrix." After setting out that the defendant is the owner of and operating a railroad from Lincoln to and through Milford, in Seward county, that the deceased was twenty-four years of age in 1881, it is alleged, " That on the 18th day of November, 1881, said defendant, by its wrongful, careless, and negligent acts of its servants, agents, and employes, caused the death of said Crockett. That said wrongfulness, carelessness, and negligence consisted in this, to-wit, that on said 18th day of November, A.D. 1881, and for some time prior thereto, said Clayborn Crockett was engaged in the employment of said defendant, as foreman of a number of men then in the employment of said defendant, and at work upon a gravel train of said defendant; that it was the duty of said Clayborn Crockett to see that said employes of said defendant tendered themselves promptly for duty at the beginning of each day, and at the beginning of work of each afternoon of each day; that on said 18th day of November, 1881, said Clayborn Crockett was ordered and directed by one John Wyatt, foreman and conductor of said construction and gravel train (and superior to said Clayborn Crockett), to assist the shovelers in filling the cars then being used by defendant with gravel and earth, from a pit located near Milford, in Seward county." It is also alleged that, prior to that time and on that day, it was the custom of said defendant and its agent to keep a person to watch said gravel bank, and, in case of danger, to give warning to those working

in the pit, to protect them from danger; but that when Crockett was required to assist in loading the cars, the watcher was taken off, and in consequence thereof, while said Crockett was engaged in loading the cars, a large quantity of gravel and earth fell from the bank upon Crockett, and so injured him that he died soon afterwards. The defendant in its answer says, " that the plaintiff ought not to recover, and has no legal right or authority to bring and maintain this action." The defendant also says, "that the said Clayborn C. Crockett, deceased, by his own carelessness and negligence, directly contributed to the injury complained of, and that said accident, injury, and death occurred without any fault or negligence on the part of the defendant." On the trial of the cause the defendant objected " to the introduction of any testimony in this case, for the reason that the plaintiff has not set forth a cause of action entitling her to recover. * * * There is no kin alleged—no relationship of kin, in any way, to the party deceased. * * * And, as appears by the petition, the plaintiff has no legal capacity to sue and maintain the action." The plaintiff's attorney then asked leave "to amend the petition by inserting that he (Clayborn Crockett) was the son of the plaintiff, and that it was without fault or carelessness on his part that the accident happened." COURT: "You can allege there that it was without fault, but no amendment as to his being her son."

The practice of objecting on the trial of a cause, after a jury has been impaneled and witnesses called to testify in the case, and a large amount of costs incurred, to the insufficiency of the petition is not to be encouraged, and if delayed until that time the court should, if necessary, and the defect can be cured by amendment, permit an amendment to be made instanter, and, unless for cause the case is continued, require the trial to proceed. A defect which would be fatal to recovery, however, may be taken advantage of at any time. Thus, in the "act authorizing the recovery of dam-

ages by the personal representative of a person whose death
is caused by the wrongful act of a person, company, or cor-
poration," which took effect May 1st, 1873, it is provided,
" that every such action shall be brought by and in the
names of the personal representatives of such deceased per-
son, and the amount recovered shall be for the exclusive
benefit of the widow and next of kin of such deceased
person," etc.   Comp. Stat., Ch. 21.   There certainly must
be an allegation that the deceased left a widow or next of
kin, or both, as the case may be, and a petition without
such an allegation will not sustain a verdict.   It is some-
what remarkable that a trial court would refuse to permit
an amendment of the kind asked for.   It is probable that
the question was not fully presented to it, and that the
ruling was made under a misapprehension.   But, however
this may be, the petition is clearly defective in that regard,
and as the proper objections were made on the trial, it can-
not be amended in this court.

2d.   On the trial of the case the plaintiff introduced in
evidence the following stipulation:

" *Crockett v. B. & M.*

"I agree that plff. may have certified copies of appoint-
ment of admi'x, that we have to use in proof or we will
stipulate as to her appointment.

"J. W. DEWEESE, for def't.

"We admit that Martha Crockett was duly appointed
admi'x of estate of Clayborn C. Crockett, deceased.

"J. W. DEWEESE, for def't.

"A. J. SAWYER, for pl'ff."

This is marked, filed March 10th, 1884.   The attorney
for the defendant offered in evidence an order of the pro-
bate court of Atchison county, Kansas, dated November
27th, 1884, revoking the appointment of the plaintiff as
executrix.   On whose application this order was made does
not appear, nor does the record show that any notice was
given to the plaintiff.   The alleged ground on which the

order is made is, that the plaintiff has removed from the state of Kansas, and has removed to Lancaster county, Nebraska, "with the intention of permanently residing in said county," etc. It is pretty clear that a probate judge ordinarily cannot revoke letters of administration without giving the parties to be affected thereby an opportunity to be heard. Not only the administratrix, but other parties interested in the estate, must have an opportunity to protect their rights before such action can be taken. And an order removing an administrator upon the ground of being a non-resident, without notice in some form, is simply void. But even if the court had authority to make the order, still it would not affect this action. The plaintiff was executrix at the time the action was commenced, as all the testimony shows, and if her appointment was revoked while the action was pending it would not therefore fail. Suppose she had died, the action would not therefore necessarily have been dismissed, but a new administrator would have been appointed and the prosecution of the action continued. The common law adopted the principle that where administration was granted to two or more, and one died, the survivors or survivor became sole administrator. It was not like a letter of attorney to two, where if one died the authority ceased; but it was an office coupled with an interest which survived. 2 P. Wms., 121. Willard on Exrs., etc., 213. Our statute contains the same provisions as to joint administrators as the common law, and provides for the appointment of a new administrator where from any cause a sole administrator is removed. Comp. St., sec. 189, Ch. 23. But the answer does not raise the question of the revocation of the letters. It is alleged that the plaintiff "has no legal capacity to sue or recover damages in and maintain this action." That, however, refers to the commencement of the action. She had authority then, and a denial simply put in issue her authority to bring the action. If since that time her authority has ceased that fact must be

pleaded affirmatively.   *Wilson v. Bothwell*, 50 Ala., 378.
If the fact was established the court would not thereupon
dismiss the action, but would permit the substitution of a
new administrator.   If cases could be defeated and dismissed by the simple revocation of letters of administration it would be a reproach upon the administration of justice.   But such is not the law.   The court did not err,
therefore, in sustaining the objections to the order of the
county judge of Atchison county.   It is unnecessary to review the other questions presented, as there must be a new
trial.   The judgment of the district court is reversed and
the cause remanded to the district court, with directions to
permit the plaintiff below to amend her petition, and for
further proceedings.   Costs to abide the event of the suit.

JUDGMENT ACCORDINGLY.

THE other judges concur.