MOSES GEROUX'S ADMR. v. ALPHONSO A. GRAVES.

*Motion to dismiss new count.   Wrongful act resulting in death.*
*Necessary averments.*

1.  In hearing a motion to dismiss a new count, the court is not, as in case of
    a motion to dismiss the suit itself, confined to the record, but may and
    should receive extrinsic evidence to determine whether the cause of
    action is the same.

2.  *Held*, that from an inspection of the record in this case the cause of action
    in the new declaration was apparently identical with that in the orig-
    inal declaration, and that at all events the court should have heard
    evidence *dehors* the record upon that question. Not having done so, its
    action dismissing the new count is reversed.

3.  *Dictum :* In a suit by an administrator for the neglect of the defendant
    resulting in the death of his intestate, the declaration should allege
    either that the intestate left next of kin, in which event it would be a
    suit for their benefit, or that he lived a time after the injury, when it
    might be for the benefit of his estate.

This was an action by the administrator of Moses Geroux for
the neglect of the defendant resulting in the death of his intes-
tate. The case was heard at the September Term, 1889, Mun-
son, J., presiding, upon demurrer to the original declaration,
and a motion to dismiss the new declaration. The court sus-
tained the demurrer and granted the motion. The plaintiff
excepts.

The defendant moved to dismiss for the reason that the new
declaration introduced new parties and a new cause of action.
In hearing this motion the court confined itself exclusively to the
record, and declined to receive evidence *dehors*.

The declarations were as follows :

ORIGINAL DECLARATION.

" In a plea of the case for that the plaintiff's intestate, on the
6th day of October, 1887, at said Colchester, was in the employ
of the defendant, hired by him to work in his quarry, quarrying
stone, and that by virtue of said employment of the plaintiff's
intestate by the defendant, it became and was the duty of said

Geroux's Admr. *v.* Graves.

defendant to furnish said plaintiff's intestate a safe and well constructed derrick to be used by him in said quarry. Yet the defendant disregarding this duty, on said 6th day of October, 1887, carelessly and negligently and wrongfully gave to the said plaintiff's intestate to use in said quarry, in the course of his employment as aforesaid, a derrick which was unsafe and unsuitable for said work, and improperly constructed, and which was not provided with guy ropes of sufficient strength for said work, and which was insufficient in several other ways, insomuch that it greatly endangered the lives of the men who used it; all which was unknown to the plaintiff's intestate, and all which was fully known by the defendant. And the plaintiff avers, that while his said intestate was in the careful and prudent use of said derrick, in said quarry, in the course of his said employment by the defendant, said derrick fell, from the imperfections and insufficiencies aforesaid, and struck the plaintiff's aforesaid intestate and killed him. Whereby and by reason of all which an action hath accrued to the plaintiff against the defendant; all which is to the damage of the plaintiff, as administrator, as aforesaid, the sum of $10,000, for the recovery of which, with just costs, this suit is brought."

" AMENDED DECLARATION."

".In a plea of the case, for that the plaintiff's intestate, the said Moses Geroux, on the 6th day of October, 1887, at said Colchester, was in the employ of the defendant, hired by him to work in his quarry, quarrying stone and removing large stones therefrom, and that by virtue of said employment of the plaintiff's intestate by the defendant it became and was the duty of said defendant to furnish said plaintiff's intestate a safe, suitable and well constructed derrick, to be used by him in said quarry. Yet the defendant, disregarding this duty, on said 6th day of October, 1887, carelessly and negligently and wrongfully gave to the plaintiff's intestate to use in said quarry, in the course of his said employment, a derrick which was unsafe and unsuitable for said work, and which was not properly constructed, nor provided with guy ropes sufficient for said work and which was insufficient in several other ways, insomuch that it greatly endangered the lives of the men who used it; all which was unknown to the plaintiff's intestate, and all which was then and there fully known by the defendant. And the plaintiff avers that while the said intestate was in the careful and prudent use of said derrick, in said quarry, in the course of his said

Geroux's Admr. *v.* Graves.

·employment by the defendant, on said 6th day of October, 1887, and within two years prior to the bringing of the suit, said derrick fell, by reason of its insufficiency and defectiveness aforesaid, and struck the plaintiff's intestate aforesaid, and killed him; whereby and by reason of all which an action hath accrued to the plaintiff against the defendant.

" And the plaintiff further says that at the time of the death of said intestate, Moses Geroux, the said Moses Geroux had no wife living and no issue living, that he had a father, named Moses Geroux, born in the year 1831, and a mother, named Zoa Geroux, born in the year 1833, said father and mother being the next of kin of the plaintiff's intestate, which said father and mother survive the said plaintiff's intestate and are still living, and this suit is brought and prosecuted for the benefit of the said father and mother agreeably with and by virtue of section 2139 of the Revised Laws of the State of Vermont.

" All which is to the damage of the plaintiff the sum of $10,000, for the recovery of which, with just costs, this suit is brought."

*D. J. Foster* and *Seneca Haselton*, for the plaintiff.

A plaintiff may always amend his declaration by more correctly describing the cause of action intended to be declared upon. *Haskins* v. *Ferris*, 23 Vt. 673; *Trescott* v. *Baker*, 29 Vt. 463.

The cause of action in the original and amended declaration is the same, viz.: the neglect of the defendant producing the the death of Geroux. *Needham* v. *R. R. Co.*, 38 Vt. 294; *Haynes* v. *R. R. Co.*, 9 Ill. App. 105.

*Henry Ballard* and *H. F. Wolcott*, for the defendant.

Two causes of action accrued upon the death of the intestate to his administrator, one for the benefit of his estate, and another under the statute for the benefit of his next of kin. *Needham* v. *Grand Trunk R. R. Co.*, 38 Vt. 294.

The original count was upon the first, and a recovery would have belonged to the estate. The new count is for the latter, and the damages would go to the next of kin. Hence the new count introduces a new cause of action and new parties. *Ellis* v. *Cranston*, 50 Vt. 611; Revised Laws, ss. 2138, 2139.

It should therefore be dismissed. *Carpenter* v. *Gookin,* 2 Vt. 495 ; *Bowman* v. *Stowell,* 21 Vt. 313 ; *Brodek v. Hirshfield,* 57 Vt. 12 ; *Sawyer and Manning* v. *N. Y. State Clothing Co.,* 58 Vt. 588 ; *Haskel* v. *Bowen,* 44 Vt. 579.

The opinion of the court was delivered by

ROWELL, J. In our practice, motions to dismiss new counts are not like motions to dismiss the action, which are confined to defects apparent on the face of the record or papers on inspection ; but they are another way of doing what in England would be done by a rule *nisi.* There the defendant, on motion, obtains a rule that the new count to which he objects be stricken out unless (*nisi*) the plaintiff shows cause to the contrary ; and this rule is afterwards, on further motion, made absolute or discharged, as the case may be. 1 Tidd. Pr. [*478] ; *Brown* v. *Crump,* 6 Taunt. 300. Hence, a motion to dismiss a new count is, in effect, like a motion to strike it out, or to strike it from the files ; and in disposing of it, the court is not confined to an inspection of the original declaration and of the new count in determining whether both are for the same cause of action or not, but it may go outside of the pleadings, to satisfy itself how the fact is, the same as it can when the question arises on a motion for leave to file the new count, in which case it may clearly go outside, for whether for the same cause of action or not is largely a question of fact for the purposes of amendment. *Hill* v. *Carpenter,* 34 Vt. 535 ; *Boyd* v. *Bartlett,* 36 Vt. 9 ; *Lycoming Fire Ins. Co.* v. *Billings,* 61 Vt. 310.

It does not appear merely from an inspection of the pleadings that the new count filed in this case is for a different cause of action, and hence there was error in dismissing it as matter of law on such inspection ; and there was nothing more, as the exceptions show.

We are inclined to think that it sufficiently appears from such inspection that the original count and the new count are for the same cause of action ; but if the court below was not satisfied by this, it should, in its discretion, have inquired further. *Lycoming Fire Ins. Co.* v. *Billings,* above referred to, is full authority on this point.

As to the demurrer. If the original declaration be treated as founded on a cause of action accruing to the personal representative of the deceased for the benefit of the next of kin, it is manifestly defective in not alleging that he left next of kin who were living at the time of suit brought. *Wescott* v. *Central Vermont R. R. Co.*, 61 Vt. 438. If it be treated as founded upon a cause of action accruing to the deceased, it is probably defective in not showing that he lived a time after his injury. Construing the pleading most strongly against the pleader, it is probably to be taken on demurrer as alleging that he was instantly killed. But however this may be, the plaintiff does not claim that there was error in sustaining the demurrer and adjudging the original declaration insufficient.

*Judgment affirmed as to sustaining the demurrer, but reversed as to dismissing the new count, and cause remanded.*