·    HOOPER,  ADMR.,  v.  RAILROAD.

(*Knoxville.*    November  2,  1901.)

1. AMENDMENT.    *Relation of.*

An amendment of a declaration, in an action by an adminis-
trator for personal injuries causing the death of his intestate,
striking out the name of one beneficiary and substituting the
name of another and different one, relates to the commence-
ment of the action so as to defeat the running or bar of the
·statute of limitations.   Such amendment does not introduce a
new cause of action, but merely corrects the statement of the
old one.    (*Post, pp. 713-720.*)

Cases cited: Railroad *v.* Foster, 10 Lea, 351; Railroad *v.* Bean, 94
Tenn., 394; Railroad *v.* Johnson, 97 Tenn., 670; Loague *v.* Rail-
road, 91 Tenn., 461; Whaley *v.* Catlett, 103 Tenn., 351.

2. RES ADJUDICATA.    *What is not.*

The judgment of an appellate Court, reversing the judgment of
a trial Court and remanding the case to the Court " whence it
came, with directions to grant a new trial, to sustain the plea
of the statute of limitations made to the amended declaration,
and to enter judgment for defendant," is not such final adju-
dication as will debar the plaintiff from taking a non-suit in
the trial Court and thereafter prosecuting a new suit brought
within a year after such dismissal.   (*Post, pp. 720-723.*)

Case cited: Railroad *v.* Brigham, 95 Tenn., 624.

FROM   KNOX.

Appeal  in  error  from  Circuit  Court  of  Knox
County.   JOSEPH  W.  SNEED,  J.

W. E. DRUMMOND, PICKLE & TURNER, MYNATT & FOWLER, for Hooper.

SMITH & HAMMOND, and FRANTZ & WRIGHT, for Railroad.

McALISTER, J. This is a suit to recover damages for personal injuries. Plaintiff's intestate, J. W. Lebow, on January 15, 1897, was run over and killed by one of defendant's trains. The suit of the administrator was originally brought July 8, 1897, in the Circuit Court of Knox County, to recover $20,000 damages. The declaration was filed November 15, 1897, alleging that complainant, as administrator, brought the suit for the benefit of Mariah Lebow, the mother of deceased, as his next of kin and distributee. Thereupon the defendant company, on the same day, removed the cause, on the ground of nonresidence, to the Circuit Court of the United States, at Knoxville, and February 26, 1898, pleaded to the declaration "not guilty." On March 24, 1898, the plaintiff was permitted by the Court to amend his declaration, so as to strike out the name of Mariah Lebow, the mother, and insert that of James Madison Lebow, the father of the deceased, as his next of kin and sole distributee. The defendant company then interposed a plea of the statute of limitations of one year to the amended declaration, which plea was, on motion of plaintiff, stricken out by the Court, upon the ground that the amendment related back to the commencement

of the action. The cause was then tried before the Court and a jury, resulting in a verdict and judgment for the plaintiff. The cause was then removed by writ of error to the United States Circuit Court of Appeals, at Cincinnati, and on May 1, 1899, that Court reversed the judgment of the United States Circuit Court and remanded the cause to the Court "whence it came, with directions to grant a new trial, to sustain the plea of the statute of limitations made to the amended declaration, and to enter judgment for defendant." The action of the Court was based upon the ground "that the Tennessee Act of 1883, Ch. 186, created a new cause of action in the next of kin of deceased; that the next of kin for whose benefit the suit is brought is the real plaintiff, and the administrator is a mere trustee and nominal party, and hence an amendment changing the name of the beneficiary was in effect a new suit, and could not relate to the original summons and so escape the effect of the plea of the statute of limitations." This case is reported in 92 Fed. Rep., 520. On the remand of the case to the United States Circuit Court, the former judgment was set aside and a new trial granted. It appears that at this stage of the case and before a new trial was had, to wit: October 10, 1899, the plaintiff took a voluntary nonsuit and the cause was dismissed. From this judgment the defendant company on January 20, 1900, prosecuted a writ of error to the

Hooper, Admr., *v.* Railroad.

United States Circuit Court of Appeals at Cincinnati, insisting that under the former mandate of reversal the Circuit Court should have entered a final judgment in favor of defendant company, but the Circuit Court of Appeals, on February 2, 1901, affirmed the judgment of the Circuit Court. See *A., K. & N. R. R. Co.* v. *Hooper*, 105 Fed. Rep., 550. In the meantime, after the nonsuit and dismissal of the case in the United States Circuit Court, and before the suing out of the last writ of error to the United States Circuit Court of Appeals, the plaintiff, on October 20, 1899, brought a new suit for $2,000 damages in the Circuit Court of Knox County. The defendant pleaded not guilty and the statute of limitations of one year. To this plea of the statute of limitations the plaintiff replied by the bringing of the former suit, as above recited, within the time limited, the nonsuit and dismissal without prejudice, and that this new suit was brought within one year after the termination of the first suit, under Shannon's Code, § 4446. To this replication the defendant company, on February 10, 1900, demurred on several grounds, and particularly because the removal of the original suit to the Federal Court had removed not only that suit, but the cause of action; that the State Court was thereby deprived of all jurisdiction over the subject-matter of the suit, and the new suit could not be maintained in the State Court. The Circuit Judge, on March 10, 1900, sustained this demurrer, on the ground stated,

and dismissed the plaintiff's suit. On appeal to this Court, that judgment was, on October 6, 1900, reversed and cause remanded.

It was held by this Court that when an action, commenced in due time in the State Court, is removed to the Federal Court, and there disposed of by voluntary nonsuit, the plaintiff may, under § 4446 Shannon's Code, within one year thereafter bring and maintain a new suit on the same cause of action in the State Court, although the latter action would have been barred but for the saving of the statute. *Hooper* v. *A., K. & N. Ry. Co.,* 22 Pickle.

On the remand of the case to the Circuit Court of Knox County, the defendant company, on March 4, 1901, filed a rejoinder to the plaintiff's replication to defendant's plea of the statute of limitations. Then followed a demurrer, by plaintiff, to the rejoinder, which was overruled by the Court. Plaintiff then filed a sur-rejoinder, to which defendant demurred. The substance of this voluminous pleading was, first, that plaintiff's action was barred by the statute of limitations of one year, and, second, that the fact had been finally adjudicated by the United States Circuit Court, at Cincinnati, in the suit therein pending between these parties for the same cause of action.

The Circuit Court of Knox County overruled the demurrer herein so far as it averred former adjudication, but sustained said demurrer to the extent of

holding that the present suit is barred by the statute of limitations of one year and dismissing said suit. Plaintiff appealed and assigns as error the action of the Circuit Court adjudging that plaintiff's suit is barred.   The original suit herein was brought by the administrator of James Lebow, and in the original declaration Mariah Lebow, the mother of deceased, was named as beneficiary.   The designation of Mariah Lebow, the mother of deceased, as next of kin and beneficiary of the suit, was erroneous, since James M. Lebow, the father of deceased, survived him.   Accordingly, after the removal of the cause to the United States Circuit Court, leave was obtained to amend the declaration so as to strike out the name of Mariah Lebow as beneficiary and substitute the name of James M. Lebow, the father of deceased, as next of kin and sole beneficiary. This amendment and substitution was made more than twelve months after the commencement of the original action.   The question now presented for our determination is, whether this amendment introduced a new cause of action or did it relate back to the original summons?   If it introduced a new cause of action the suit is plainly barred, but otherwise, it is not barred.   The Circuit Court, in adjudging the action barred, seems to have predicated his opinion upon the holding of the United States Circuit Court of Appeals when the cause was before that Court.

The United States Court, in considering this

question, said, in part, viz. : "The sole question presented upon this record is whether, when an administrator, under the present Code of Tennessee, brings his suit to recover damages for the wrongful death of his intestate, and avers in his petition that he brings the suit for the benefit of one person, as the intestate's next of kin, and afterwards substitutes in his declaration for that person the name of another as next of kin, this is a change of the cause of action such as that the statute of limitations runs to the date of the amendment. . . . To change the beneficiary under the statute changes the suit, the amount of the recovery, and states a new and different cause of action. In the light of this conclusion, the plea of the statute was good against the amendment herein when filed, and should have been sustained." *Atlanta, Knoxville & Northern Ry. Co.* v. *Hooper*, 92 Fed. Rep., 820.

Since this case was decided this Court has had occasion to consider this question, and a contrary opinion was reached. In *Whaley* v. *Catlett*, 103 Tenn., 351, it was said, viz.: "We are of opinion that a careful reading of the statutes can lead to no other conclusion than that they provide alone for the continued existence and passing of the right of action of the deceased, and not for any new, independent cause of action in his widow, children, or next of kin. Section 4025, Shannon's Code, refers to it as the right of action which deceased should have had in case death had not ensued, and pro-

vides that it shall not abate or be extinguished, but shall pass to his widow, etc. It does not provide for nor refer to any new cause of action arising or coming into existence in their favor. It is alone by these statutes that a right of action exists in the widow, children, or next of kin at all, for the unlawful killing of the deceased, and this right exists under the statute, not because it arises directly to them in their own right, but because it passes to them in right of the deceased. It was also held in this case that the Act of 1883, Ch. 186, enlarging the scope of damages recoverable in actions brought under existing statutes by the widow, children, or next of kin or personal representative of a decedent for his personal injuries, does not create any new or independent cause of action, but merely regulates the damages recoverable under an existing cause of action," citing *Railroad* v. *Bean*, 10 Pickle, 394; *Railroad* v. *Johnson*, 13 Pickle, 670; *Loague* v. *Railroad*, 7 Pickle, 461.

We hold, therefore, under the rulings of this Court that the amendment in question did not introduce a new cause of action, but merely substituted the name of the true statutory beneficiary for the name inadvertently used. It is still the same cause of action—that of deceased—and the designation of the beneficiary relates back to the original summons. *Railroad* v. *Foster*, 10 Lea, 351.

The beneficiary is not a party to the action, but is simply designated as the person entitled to the

recovery. The administrator is the party entitled to prosecute the action, but for the benefit of the next of kin. If there is no beneficiary, or next of kin, the administrator is not entitled to prosecute a suit. The Circuit Court was, therefore, in error in sustaining this ground of demurrer.

It is insisted, however, on behalf of the company that the adjudication of this question by the United States Circuit Court of Appeals, in a suit between the present parties, was final and conclusive. As already stated, the United States Circuit Court of Appeals in the suit between these parties held the plea of the statute of limitations good, and re- manded the cause with directions to the lower Court to grant a new trial, to sustain the plea of the statute of limitations to the declaration as amended, and to enter judgment for defendant company. On the remand, and prior to a new trial, plaintiff took a voluntary nonsuit. Defendant appealed to the Circuit Court of Appeals, insisting it was entitled to a judgment on its plea of the statute of limitations, and that the Court below was in error in permitting a nonsuit. On this subject, that Court, interpreting its own judgment, held as follows: " The contention of the plaintiff in error is that the Circuit Court should have ordered that the defendant's plea of the statute of limitations be sustained, and entered judgment for the defendant in strict conformity with the directions of the mandate. The ground of complaint is that, whereas the judgment

directed by the Court would have terminated litigation by settling the rights of the parties, the judgment actually entered leaves the plaintiff at liberty to prosecute a new action for the same cause. But, we think, the course taken by the Circuit Court was entirely proper. The directions of the mandate, when rightly construed, intended to award the privilege to the plaintiff of having a new trial, if he should desire it, and did not make it compulsory. If the plaintiff should elect to take a new trial, then the further directions of the mandate would govern the Court in its further proceedings thereon. Such provisional directions are not unusual in appellate courts, the object being to guide the Court below in such further proceedings as may be taken and not to subvert the normal course of procedure. Under the statute of Tennessee (Code § 4246) the plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants; but if the defendant has pleaded a setoff or counter claim, he may elect to proceed on such counter claim in the capacity of plaintiff." And, at the common law, the plaintiff may take a nonsuit before the trial begins, and in some jurisdictions at any time before the verdict, and the right to the same whether upon the first trial or upon a new trial after judgment has been ordered set aside and "held for naught" and such new trial ordered. 6 Enc. Plead. & Prac., 836, 838, 839, and cases cited.

23 P—46

"In the case of *Gardner* v. *Railroad*, 105 U. S., 349 (S. C., 14 Sup. Ct., 14; 37 L. Ed., 1107), the plaintiff had brought suit in the State Court for a personal injury and had recovered a judgment. The defendant removed the case to the Supreme Court, and that Court, upon consideration of the evidence, held that the plaintiff had not made out a cause of action, and for that reason the judgment of the lower Court was reversed and a new trial granted. After the case had been remanded, the Court below entered an order setting aside its former judgment, and ordering a new trial. Thereupon the plaintiff voluntarily submitted to a nonsuit, and judgment was entered accordingly.

"The plaintiff having commenced a new suit in the Federal Court, one of the questions was, whether he was barred by the determination of the facts and the judgment of the State Supreme Court in the former action. After judgment the case went to the Supreme Court of the United States, where it was held that, by the reversal of the judgment of the lower Court by the State Supreme Court, the matter was set at large, and that, although the lower Court had actually ordered a new trial as directed by the Supreme Court, the plaintiff was at liberty to disclaim the right to pursue it, and to become nonsuit, and thereupon to commence a new suit in any Court having jurisdiction. In the present case this Court did not assume the power of arbitrarily compelling the plaintiff to go on with his

suit after his judgment had been reversed, but simply directed what judgment should· be entered in case he elected to go to a final determination in the Court below. This is the reasonable construction of the mandate. The judgment of the Circuit Court is affirmed with costs.''

The judgment of the Circuit Court of Appeals was not a final judgment, and, therefore, could not support a plea of former adjudication. *Railroad* v. *Birmingham*, 11 Pickle, 624.

But for the error of the Circuit Court, in holding plantiff's action barred by the statute of limitations, the judgment is reversed and the cause remanded.