## Fox *v.* Smith.

### (*Knoxville.* September Term, 1914.)

**VENDOR AND PURCHASER. Option. Breach. Right of action. Accrual. "Final termination."**

Under Shannon's Code, sec. 4446, authorizing commencement of a new suit on the grounds relied on in the first suit within one year after dismissal of the first, there is no "final termina.tion" of a voluntarily dismissed ejectment suit until one year after such dismissal, within the meaning of on option contract binding defendant to convey timber land to plaintiff within ninety days after final termination of the ejectment suit; and hence an action brought May 3, 1913, after dismissal of the ejectment suit on February 11, 1913, for breach of the option contract executed September 20, 1912, was premature.

Code cited and construed: Sec. 4446 (S.); sec. 2755 (1857-58).

Cases cited and approved: Iron & Coal Co. v. Broyles, 95 Tenn., 612; Hooper v. Railroad, 106 Tenn., 31.

---

### FROM ROANE.

---

Appeal from the Chancery Court of Roane County. —Hugh G. Kyle, Judge.

McNutt & Littleton, for plaintiff.

McCroskey & Peace and F. B. McElwee, for defendant.

Mr. Justice Buchanan delivered the opinion of the Court.

Both parties appealed from the final decree; the complainant because the recovery allowed was less in amount than he prayed for in his bill; the defendant because a recovery for any sum was granted.

The suit was for damages which Fox avers he sustained amounting to the sum of $1,800 by reason of the breach by Smith of an option contract binding Smith to convey certain timbered land to Fox within ninety days after the final termination of a suit pending against Smith at the time the option was executed involving Smith's title to part of the tract of land. Fox insists that he could have sold the land and the timber thereon for the aggregate sum of $4,300, and, being only bound by the option contract to pay Smith $2,500, the loss and damage to him of $1,800 resulted when Smith breached the contract, and that Smith was aware when he breached the contract that such loss would result to Fox from the breach. In his answer, Smith sets up several defenses, one of which is that, though he signed the option contract, it never became enforceable against him, because there was not prior to the beginning of this suit a final termination of the former suit involving his title to part of the tract of land. This defense rests on these facts: When the option contract was executed, there was pending against Smith an ejectment suit in which the Lenoir Manufacturing Company was the complainant, involving Smith's title to part of the land. The option contract was executed on September 20, 1912. How long the ejectment suit had then been pending is not material, but it does ap-

pear that on February 11, 1913, complainant in that suit was allowed to dismiss his bill without prejudice and the same was done and the injunction in the cause was dissolved at the côst of complainant in that suit. The complainant's bill in the present cause avers that, under the option, the deed was to be made "ninety days after the final termination of the case of *Lenoir Manufacturing Company* v. *James Smith.*"

Now, upon the foregoing facts, which are not in dispute, it is clear that the option contract never became operative against Smith prior to the filing of the bill in this cause, which event occurred on May 3, 1913, not quite three months after the dismissal without prejudice of the ejectment suit. The complainant in that, suit was at liberty to have begun another based on the same grounds relied on in the first suit within one year from the date of the dismissal of the first. Section 4446, Shan. Code; section 2755, Code 1857-58; *Iron & Coal Co.* v. *Broyles,* 95 Tenn. (11 Pick.), 612, 32. S. W., 761; *Hooper* v. *Railroad,* 106 Tenn, (22 Pick.), 31, 60 S. W., 607, 53 L. R. A., 931.

The option contract could not under the foregoing become operative against Smith until the lapse of one year from the date of the dismissal of the ejectment suit, because the dismissal was not a final determination of the suit until that time had elapsed, and therefore Fox was beyond his rights in seeking to set up a breach or in calling on Smith for a performance of the contract; nor can this suit rest on the predicate that there had been a breach or failure to perform because there

was no obligation to perform when the demand was made by Fox.

Other defenses are urged by Smith, and one or more of them are, in our opinion, quite meritorious; but what we have said will serve. The decree must be reversed and the suit dismissed at the cost of complainant Fox and his sureties.