Motsenbocker et al. v. Shawnee Gas & Electric Co. et al.

For the reasons herein given, the petition for rehearing is denied, and the judgment of the trial court in sustaining the demurrer to the petition is affirmed.

All the Justices concur.

## MOTSENBOCKER et al. v. SHAWNEE GAS & ELECTRIC CO. et al.

No. 7107.     Opinion Filed     July 13, 1915.

Rehearing Denied October 19, 1915.

(152 Pac. 82.)

1. PLEADING—Amendment—Change of Cause of Action—Action for Death. Where the mother of deceased originally brought suit to recover damages for the alleged negligent death of her minor son, caused by the alleged negligence of the defendants, and an amendment was permitted, adding the brothers and sisters as plaintiffs, but the allegations of the original and amended petitions in all other respects were substantially the same, there was no change in the cause of action from one law to another.

2. LIMITATION OF ACTIONS—Action for Death—Amendment to Petition. The filing of an amendment, adding the names of the brothers and sisters as parties plaintiff in an action, though permitted more than two years after the filing of the original petition, was not the statement of a new cause of action, but the amendment related back to the commencement of the action so as to defeat a plea of the statute of limitations.

3. DEATH—Wrongful Death—Necessary Parties—"Next of Kin." Where a person for whose death action is brought left neither widow nor children nor father surviving him, but left a mother and brothers and sisters, the mother, brothers and sisters are "next of kin," within the meaning of the statute making the "next of kin" necessary parties to the action.

(Syllabus by the Court.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by Sarah E. Motsenbocker and others against the Shawnee Gas & Electric Company and the City of Shawnee. **Judgment for defendants, and** plaintiffs bring error. Reversed and remanded.

*W. T. Williams* and *H. H. Smith,* for plaintiffs in error.

*Keaton, Wells & Johnston* and *Edward Howell,* for defendants in error.

HARDY, J. Sarah E. Motsenbocker filed her original petition in the district court of Pottawatomie county, on June 22, 1908, in which she sought to recover damages against defendants in error for the wrongful death of her son, Willie Motsenbocker, which occurred in the city of Shawnee, on June 10, 1908. The defendants in error demurred to the petition, among other grounds for the reason that plaintiff had no legal capacity to sue, and that there was a defect of parties plaintiff. Upon a trial, and verdict for plaintiff, defendants appealed, and the case was reversed in an opinion reported in 41 Okla. 454, 138 Pac. 790, upon the ground that said plaintiff was not entitled to maintain suit in her own right, but that the brothers and sisters of deceased were included within the meaning of the words, "next of kin," and were proper parties to the suit. Upon a remand of the case amended petition was filed, in which the brothers and sisters of deceased were joined as plaintiffs, to which amended petition each of the defendants filed a separate motion to strike, for the reasons stated in the respective motions. Plaintiffs filed objections to the consideration of certain grounds of said motion to strike, which objections were sustained, and the remaining grounds thereof overruled. Thereupon defendants each filed a

separate demurrer upon the following grounds: (1) Defect of parties plaintiff; (2) that plaintiffs were without legal capacity to sue or maintain the action; (3) misjoinder of causes of action; (4) the petition did not state facts sufficient to constitute a cause of action against the defendants; and (5) that the pretended causes of action alleged in said petition, and each of them, are barred by the statute of limitations; which demurrers were by the court sustained. Plaintiffs reserved exceptions to the ruling of the court, declined to plead further, and thereupon the petition was dismissed, and plaintiffs. bring error.

Plaintiffs in error urge that the amended petition obviated the objections to the original petition and stated no new cause of action; while defendants in error urge that the action of the court in sustaining the demurrers should be upheld: (1) Because the trial court never ordered or permitted additional parties to be made plaintiffs; (2) because no additional parties have appeared or pleaded; (3) because the amended petition sought to change the cause of action from one under certain general statutes **declaratory of the common** law to one under the death by **wrongful act statute; (4)** because the plaintiff is attempting to bring into the case entirely new parties, which would largely increase the measure of damages; (5) because the amended petition attempts to entirely change the cause of action, the parties whose rights or claims have been violated, and the measure of damages long after the limitation provided in the act creating the right of action has run.

With reference to the first two grounds, urged by defendants in error, it is sufficient to say that the

amended petition purports to have been filed on behalf of the mother and brothers and sisters, and is a joint petition, and was evidently so considered by the court. These defendants in error filed motion in the trial court to have said petition stricken, which was overruled, and thereupon filed demurrer thereto, which was sustained by the court, and they are now in this court, urging said demurrer as to all of said plaintiffs, and each of them; and all of said plaintiffs join in the petition in error herein; and, in view of these facts, we think the petition is sufficient in these two respects.

With reference to the third proposition of defendants in error, that the petition sought to change the cause of action from one under general statutes declaratory of the common law to one under the death by wrongful act statute, it appears that the action was originally brought by plaintiff Sarah E. Motsenbocker, in her own right, upon the theory that she was entitled to all of the damages which might be recovered in the action, and aside from the fact that the action was brought in her individual name, there is no substantial difference between the allegations of the petition as to the alleged acts of negligence upon which the case was tried in the former action and the amended petition in the present appeal. In the former, as in the latter, it was sufficiently alleged that the deceased came to his death through injuries suffered as the result of the negligent acts of the defendants, which are set forth in substantially the same terms in both pleadings. It is true that in the former appeal counsel urged plaintiff's right to maintain the suit for her exclusive benefit under sections 2881, 2882, Comp. Laws 1909, which contention was overruled. The facts alleged, however, are the same so far as the cause of the

injuries resulting in the death of deceased are concerned, out of which the cause of action accrued; and it is what the pleadings state by which we must be governed, instead of the argument and theories of counsel, put forword in a futile effort to sustain plaintiff's exclusive right to a recovery contrary to the provisions of the statute. The right of action was given by the statute, based upon the acts of negligence complained of, to the parties therein named, and we therefore hold that there was no change of the cause of action from one law to another. *M., K. & T. Ry. Co. v. Wulf*, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; *Neubeck v. Lynch*, 37 App. D. C. 576, 37 L. R. A. (N. S.) 813.

The other propositions urged present the question as to whether or not under an amendment bringing in new parties a new cause of action is stated and the statute of limitations has run as to said new parties. Section 4692, Rev. Laws 1910, provides:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant; the reason being stated in the petition."

Section 4790, Rev. Laws 1910, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code,

the court may permit the same to be made conformable thereto by amendment."

The amendment was permitted by the court, and was in fact made, because of the objections of defendants. in error to the sufficiency of the original petition, and the right of the court to permit the amendment to be made is not presented for our consideration. There is presented, however, the plea of the statute of limitations to the petition as so amended. The demurrer treats the right of the different plaintiffs to recover as being several, and urges the bar of the statute of limitations to each of them individually.

There is only one action authorized by the statute, and the same death cannot be sued for in separate actions. by the various individuals. sustaining damage thereby, and, as held in the former appeal, where a person for whose death suit is brought left neither widow nor children nor father surviving him, but left a mother and brothers. and sisters, the mother, brothers, and sisters all come within the meaning of the term, "next of kin," and are necessary parties to the maintenance of the suit (*Shawnee Gas & Electric Co. v. Motsenbocker, supra*), and it was further held that their absence amounted to a defect of parties, objection to which defect, having been taken in due time, was sustained and the case reversed for that reason. The mother, however, was a party to the original petition, and was, and still is, interested in the cause of action, and is still a necessary and proper party. There is thus presented the question whether or not the amendment adding the brothers and sisters had the effect. of setting up a new and different cause of action, and, if so, same would be barred, and, if not, the amendment.

would relate back to the filing of the original petition so as to prevent the bar of the statute.

Conceding, as we must, that it is necessary to set forth by proper allegations the existence and names of beneficiaries in order for the petition to state a good cause of action, it is nevertheless but one of the essential elements thereof, and does not of itself constitute a complete cause of action apart from the other allegations, and a failure to so state merely results in defectively stating a cause of action, which defect might be waived, and can be cured by amendment. There are a number of cases which hold that the absence of such an allegation is fatal to plaintiff's right of recovery, and that the defect cannot be corrected by amendment after the statute of limitations has run, for the reason that the amendment is held to be the statement of a new cause of action; while there are other authorities of equal weight and dignity, and whose opinions are entitled to great respect, which hold to the view that such a defect can be remedied by amendment, and that the amendment does not state a new cause of action, subject to the bar of the statute of limitations. In *M., K. & T. Ry. Co. v. Wulf, supra*, the action was commenced by Sallie Wulf, in her individual capacity, for the death of her son, which occurred November 27, 1908. On January 6, 1911, she amended her petition by showing that the action was brought in her capacity as administratrix. The plea of limitation was interposed on the ground that the amendment set up a new and distinct cause of action, which contention was overruled by the Supreme Court of the United States, in the following language:

"It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action,

there is no substantial difference between the original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reason of defects in one of defendant's locomotive engines, due to its negligence. * * * "

This case was followed by the Supreme Court of this state, and the same rule announced on a similar state of facts in *M., K. & T. Ry. Co. v. Lenahan,* 39 Okla. 283, 135 Pac. 383. *Neubeck v. Lynch, supra,* was an action for the recovery of damages for the alleged negligent killing of one William Moore, on February 13, 1909, brought by the administrator. On March —, 1911, plaintiff amended his declaration by inserting an allegation that plaintiff's decedent left surviving him a widow and four minor children, etc. The statute of limitations was pleaded to this amendment, and the plea overruled. In the opinion it is said:

"Conceding, as we must, that the averment, setting forth the beneficiaries, is one of the ingredients necessary to state a cause of action" under a statute "for the wrongful and negligent killing of a person, it is nevertheless but one of the elements, and does not, of itself, constitute a cause of action, or a separate cause of action. The averment is essential, together with other allegations of the petition, to state a proper cause of action. Its omission merely results in stating a defective cause of action, which may be cured by an amendment which will relate back, in point of time, to the filing of the original petition."

In support of this rule, the opinion cites the following cases: *Love v. So. Ry. Co.,* 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471; *Geroux v. Graves,* 62 Vt. 280, 19 Atl.

987; *Burlington & M. R. Co. v. Crockett,* 17 Neb. 570, 24 N. W. 219; *Walker v. Lake Shore & M. S. R. Co.,* 104 Mich. 606, 62 N. W. 1032.

It has also been held, in an action brought by one partner upon a cause of action belonging to a partnership, that an amendment may be filed, bringing the action on behalf of the partnership, and that such amendment is not equivalent to stating a new cause of action, and will relate back to the commencement of the suit, and that the statute of limitations will not defeat a recovery thereon. *Dixson v. Dixson,* 19 Iowa, 512; *Martin v. Young,* 85 N. C. 156.

The Supreme Court of Illinois, in *U. S. Ins. Co. v. Ludwig,* 108 Ill. 514, in an action on an insurance policy, by plaintiff in her own right, and as guardian for two minor assignees of the insurance policy, permitted an amendment substituting the administrator, who was held to be the proper party to maintain the action.

In *Houghland et al. v. Avery Coal & Mining Co.,* 246 Ill. 609, 93 N. E. 40, it is said:

"Where it appears, on the trial of an action for willful violation of the Mines and Miners Act, that one of the children of the deceased miner has not been joined with the others as plaintiff, it is not error to allow an amendment, joining such child as a plaintiff, even though more than one year has passed since the injury, as the addition of the necessary party plaintiff is not the commencement of a new suit nor the statement of a new case."

In *Hooper v. Railroad Co.,* 107 Tenn. 712, 65 S. W. 405, the action was brought by an administrator for damages for personal injuries resulting in the death of his intestate, and the complaint was amended so as to strike

out the name of one beneficiary and substitute the name of another and different one, and it was held said amendment did not introduce a new cause of action, and related to the commencement of the suit so as to defeat the plea of limitations.

In *Love v. So. Ry. Co.*, 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471, the same court permitted an amendment, in an action by an administrator for injuries resulting in death of the deceased, to show the existence and names of the beneficiaries entitled to recover, where no such allegations were contained in the original pleading, which amendment was held to relate to the commencement of the suit so as to prevent the running of the statute of limitations from and after the issuance of the summons. In *B. & M. Ry. Co. v. Crockett, Adm'x*, 17 Neb. 570, 24 N. W. 219, the court said that it was remarkable that a trial court would refuse to permit an amendment to the petition, in an action by the personal representative of a deceased person to recover damages for his death, to show that the deceased left a widow or next of kin, or both, according to the facts.

In *Waltz v. Penn. Ry. Co.*, 216 Pa. St. 165, 65 Atl. 401, action was brought in the name of the father, to recover damages for the death of an infant son, and subsequently and after the period of limitations had expired, at the instance of the mother the record was amended so as to include her as a party plaintiff, and a verdict in favor of both parents was upheld, notwithstanding the failure to join them both at the inception of the suit.

*Walker v. Railway Co.*, 104 Mich. 609, 62 N. W. 1032, was an action to recover damages sustained by the wife and children of deceased by his death, which was

alleged to have been caused through the negligent acts of the defendant. Upon reversing the case for errors occurring at the trial, the court called attention to the fact that the petition did not set out the existence of the wife and children of deceased, who would be entitled to damages by reason of his death, and stated that the defect could be cured by amendment.

In *Trask v. Boise King Placers Co.,* 26 Idaho, 290, 142 Pac. 1073, action was commenced by the mother on the theory that she could recover for injuries to her minor son, in her own behalf, and as natural guardian of the minor. The case was tried on this theory and at the close of the evidence, by agreement, an amendment was permitted by inserting in the title the additional words, "for herself and on behalf of her minor son W. E. Trask," and it was held that the allowance thereof did not constitute a new cause of action.

*Geroux's Adm'r v. Graves,* 62 Vt. 280, 19 Atl. 987, was an action for the negligence of defendant, resulting in the death of plaintiff's intestate. The trial court dismissed an amended declaration alleging the existence and names of the next of kin of deceased, and this action was reversed by the Supreme Court on the ground that the amendment did not declare on a different cause of action.

The Supreme Court of Kansas, in *Hucklebridge et al. v. A., T. & S. F. Ry. Co.,* 66 Kan. 443, 71 Pac. 814, held that an amendment of a petition for damages by the addition of the name of a party plaintiff did not change substantially the claim or defense, and that such an amendment, made more than two years after the cause of action accrued, related back to the date of the commence-

ment of the action, and that the cause of action was not, for that reason, barred by the statute of limitations.

All of the cases on either side of this proposition turn upon the point as to whether an amendment bringing in additional parties sets up a new cause of action or not, and the net result of the decisions is that where the court, in any particular case, reaches the conclusion that the amendment sets up a new cause of action, then it is held that the bar of the statute of limitations applies, while if the court should reach the opposite conclusion, a different result would be arrived at. Whichever conclusion may be reached in any given case will be supported by a goodly number of precedents, and the opinion of the court may be subjected to the criticism that it is in conflict with a respectable number of authorities; but, keeping in mind the purpose of allowing amendments, and the liberal rule which is evidently prescribed by the statute hereinbefore quoted, courts should be inclined to disregard subtleties and answer technical objections to the sufficiency of a pleading in an honest effort to determine the real issues on their merits, and to try and do substantial justice to the litigants before them; and, when this rule is applied, it serves as a complete answer to the contention that a new cause of action is pleaded, to which the statute of limitations may be successfully urged, when a new pleading is filed, curing a defect in the original pleadings which might have been waived under the terms of our statute, unless urged in the manner pointed out therein. It appears to us that the Legislature has enjoined upon the courts of this state by positive enactment a liberal rule of procedure, authorizing amendments in furtherance of justice, when same do not substantially change the claim or defense, and we

do not think we ought to adopt a policy that would defeat substantial justice by indulging in fine spun theories woven around technical rules of procedure or defects in pleadings that go to the form rather than the substance; and, where, as in this case, an amendment is not necessary to confer upon the court jurisdiction of the suit, and does not change the essential elements of the cause of action, but merely supplies an omission necessary to a good statement of the case pleaded, or furnishes an additional averment required to clothe the court with complete power to hear and make final disposition of the matter at issue, and to fully determine the rights of all parties in interest, we do not think the plaintiff should be denied relief for that reason. There is but one right of action given in the statute, which right is not severable (*K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51, 38 Am. St. Rep. 870, 20 Ann. Cas. 255), and, the action having been commenced in due time by a party interested therein, same might proceed to judgment in the absence of objection upon the ground of defect of parties, and a recovery would be a bar to another suit in the same cause. Under the statute the recovery must be for the exclusive benefit of the next of kin, to be distributed in the same manner as personal property of the deceased; that is, whatever judgment might be obtained in this case would be shared by the plaintiffs herein in the same proportion that they would share in the distribution of any personal property which may have belonged to his estate at the time of his death, irrespective of the measure of damages that may regulate the amount of plaintiffs' recovery.

We are therefore of the opinion that the action of the trial court in sustaining the demurrers is erroneous, and should be, and the same is hereby, reversed, and this case

remanded for further proceedings in accordance with this opinion.

All the Justices concur.