## PRIVETT v. WEST TENNESSEE POWER & LIGHT CO.
### No. 770.

District Court, W. D. Tennessee.

July 3, 1937.

Carmack Murchison and Jack Manhein, both of Jackson, Tenn., for plaintiff.

W. G. Timberlake, of Jackson, Tenn., for defendant.

MARTIN, District Judge.

In this case, the jury reported a verdict in favor of plaintiff for $20,000 damages (the full ad damnum) for the negligent killing of plaintiff's intestate, her young son, by electrocution resulting from the wrongful act of defendant Power Company in maintaining a defectively insulated wire, which passed through a tree in such manner as to constitute an attractive nuisance to children.

The proof established gross negligence on the part of the defendant; and the verdict of the jury is supported by a strong preponderance of the evidence and is not, in the opinion of this court, excessive.

Upon consideration of the motion for a new trial, the court finds that no errors were committed in the admission or exclusion of evidence, or in the charge to the jury. The single question for considera-

tion on the motion for a new trial, therefore, is: Was the plaintiff's cause of action, at the time this suit was filed, barred by the statute of limitation?

. The death of plaintiff's intestate occurred July 17, 1934. On June 22, 1935, an action for damages for death of plaintiff's intestate, by wrongful act of the defendant Power Company and the city of Jackson, was instituted in this court by C. L. Smith, a resident of Mississippi, as administrator. A nonsuit was taken in the cause and, within less than a year from such time, this present action was filed here by the plaintiff, Mrs. Lucille Privett. Plaintiff is a resident of this district and the defendant corporation is a nonresident, being incorporated under the laws of the state of Florida. Another suit was instituted upon the same cause of action in the state court, resulting in a voluntary nonsuit by plaintiff, within less than a year from the time this present action was brought.

The applicable statute of limitations, Tennessee Code of 1932, § 8595, requires that this cause of action should have been brought within one year after its accrual. Tennessee Code of 1932, § 8572, provides: "If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

In construing substantially this same Tennessee statute, the Supreme Court, in Smith v. McNeal, 109 U.S. 426, 431, 3 S.Ct. 319, 27 L.Ed. 986, held the saving grace of this statute available to a plaintiff in United States courts.

In La Follette, etc., Co. v. Minton, 117 Tenn. 415, 427, 101 S.W. 178, 181, 11 L.R.A.(N.S.) 478, the Supreme Court of Tennessee said: "It is wholly immaterial whether the nonsuit is voluntary or involuntary. The real question is whether the dismissal was on a ground concluding the plaintiff's right of action. It must be conceded that the dismissal of the suit by the court on the motion of the defendant for the plaintiff's failure to file a declaration is no adjudication of the merits of the contro-versy, and hence the plaintiff's right of action is not concluded." The court held that a second suit brought within one year after such dismissal of the first suit, which was seasonably filed, is not barred by the statute of limitations.

The highest court in Tennessee has repeatedly held that judgments abating suits because of the death of plaintiffs, upon voluntary nonsuit or dismissal, do not conclude the merits, and that a new suit may be brought within one year. Stuber v. Louisville & N. R. Co., 113 Tenn. 305, 316, 87 S.W. 411; Illinois Cent. R. Co. v. Bentz, 108 Tenn. 670, 69 S.W. 317, 58 L.R.A. 690, 91 Am.St.Rep. 763; Hooper v. Atlanta, K. & N. Ry. Co., 107 Tenn. 712, 65 S.W. 405; Norment v. Smith, 20 Tenn. (1 Humph.) 46; Reed v. Cincinnati, etc., R. Co., 136 Tenn. 499, 190 S.W. 458; Nashville, C. & St. L. Ry. v. Bolton, 134 Tenn. 447, 184 S.W. 9; Fox v. Smith, 130 Tenn. 611, 172 S.W. 317; Parkes v. Clift, 77 Tenn. (9 Lea) 524.

It has been held by the Tennessee Supreme Court, in construing the Code section under discussion, that where a plaintiff sued in equity and was cast upon a ground not concluding his right of action but because his suit was improperly brought in equity, he is entitled by the decree of reversal to an injunction against the setting up of the defense of statutory limitation against a new action, if begun within a year. Swift & Co. v. Memphis Cold Storage Warehouse Co., 128 Tenn. 82, 158 S.W. 480.

Likewise, in Lamson v. Hutchings, 118 F. 321 (C.C.A.7), the saving statute was held available to plaintiff in an action at law, although his suit was first instituted in equity, where it was nonsuited. See, to same effect, Alexander v. Gordon, 101 F. 91 (C.C.A.8), construing a statute of limitations of Arkansas.

In construing a statute of Utah similar to the Tennessee Code section, the Circuit Court of Appeals for the Eighth Circuit, in Jones v. Jenkins, 22 F.(2d) 642, held that a suit could be brought in a federal court having jurisdiction within one year after the same suit had failed in the state court otherwise than upon its merits.

Federal Reserve Bank of Richmond v. Kalin, 81 F.(2d) 1003, 1007 (C.C.A.4), held that a statute of North Carolina permitting a new action to be instituted within one year after the taking of a nonsuit protect-

ed the institution of the second suit in a United States District Court. The court quoted with approval from Harrison v. Remington Paper Co., 140 F. 385, 398, 3 L.R.A.(N.S.) 954, 5 Ann.Cas. 314 (C.C. A.8). "A party by going into a national court does not lose any right or appropriate remedy of which he might have availed himself in the state courts of the same locality."

In Nashville, C. & St. L. Ry. v. Bolton, 134 Tenn. 447, at page 455, 184 S.W. 9, 11, the state Supreme Court, in holding the statute remedial and to be liberally construed, said: "The statute has not merely letter but a spirit. That spirit is manifested in the history of the statute. * * * It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited."

The trivial, technical objections offered by defendant to a liberal interpretation of the statute as applicable to the instant case seem completely answered in the broad decision of the Supreme Court of Tennessee in Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 33 S.W.(2d) 76, 78, where it was held that when an action not already barred by the statute of limitations is commenced in the wrong court and is dismissed for lack of jurisdiction, the statute of limitations is suspended so as to permit a new suit to be commenced within a year after such dismissal as a result of the saving grace of the Tennessee statute under consideration. The Chief Justice of the Tennessee Court quoted with approval from the language of the present Mr. Justice Cardozo, then a member of the New York Court of Appeals, who, in construing a statute of New York similar to that of Tennessee, said: "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law." Gaines v. New York, 215 N.Y. 533, 109 N.E. 594, L.R.A.1917C, 203, Ann.Cas.1916A, 259. See, also, Mor-

an v. Weinberger, 149 Tenn. 537, 260 S.W. 966.

The Supreme Court of the United States decided, in New York Central, etc., R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, that an amendment to a complaint setting up engagement in interstate commerce does not constitute a new cause of action, and may be allowed after the statute of limitations has run in a personal injury case where the facts alleged constituted a wrong, whether under the state law or the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), according to the nature of the employment. Mr. Justice Holmes commented: "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

■ In the light of these principles, the argument of the defendant seems specious that it makes any difference whether the city of Jackson was joined as a party defendant to the suit first instituted in this court and was dropped as a defendant in the second action filed in the same court in less than one year from the date of nonsuit entered in the first. The first action was brought properly upon the essential showing of diversity of citizenship in a district of the United States in which one of the defendants resided, and for the jurisdictional amount in excess of $3,000, exclusive of interest and costs. The present suit was brought in the district in which plaintiff resides, against a nonresident of the state, and, likewise, sounds in damages in excess of $3,000 exclusive of interest and costs. Both suits were, therefore, properly brought in the District Court of the United States for the Western District of Tennessee.

■ There is no contribution between joint tort-feasors, and the plaintiff had the right to elect whether she would sue the one or the other, or both. In the second suit, seasonably brought within the statutory one-year period from the nonsuit in the first, she had the clear right to omit the city of Jackson as defendant, if she desired.

■ The technical defect of the failure of the administrator, C. L. Smith, who was

issued letters of administration, to make oath before the county court clerk cannot be seriously considered upon the issue here. It has even been held in Tennessee by the Court of Civil Appeals that an action for death by wrongful act, brought by an administrator whose letters are subsequently revoked because issued in the wrong county, nevertheless interrupts the running of the one-year statute of limitations. Jacobs & Davies v. Pope, 8 Tenn.Civ.App. (8 Higgins) 452.

The highly strained argument of defendant, with respect to alleged defective service of summons, seems so frail as to merit no discussion.

The motion for a new trial is denied.